IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MONTE A. INGRAM, JR. #550-827        *

Plaintiff                             *

v.                                    *    Civil Action Case No. WDQ-11-1354

C.D.O. DIETARY CROW                   *

Defendant                             *

***

**MEMORANDUM**

On May 18, 2011, Monte Ingram filed this complaint pro se pursuant to 42 U.S.C. § 1983. The court will grant him leave to proceed in forma pauperis and dismiss the Complaint for failure to state a cause of action on which relief can be granted.

Ingram, who is self-represented and an inmate at North Branch Correctional Institution, alleges that he requested to meet with Defendant, the institutional dietary officer. Ingram alleges that Defendant "will not come an[d] see me because she know[s] I'm a rapist." Ingram claims that Defendant sees other inmates and claims her actions constitute discrimination, bias, and defamation of character. Complaint, p. 4.

The Court is required to review this Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and dismiss: claims deemed frivolous or malicious; claims that fail to state a claim on which relief may be granted; or claims that seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) (B) (i-iii) and 1915A. Where, as here, the litigant is proceeding pro se, the Court liberally construes the pleadings, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *See Estelle v. Gamble*, 429 U.S. 97(1976). Even under this liberal standard, however, the Complaint is subject to summary dismissal. Liberal construction does not mean that the Court can ignore a clear

failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Ingram does not have a constitutional right to meet with the dietary officer. Ingram does not state why he wants to meet with the dietary officer, nor does he allege any harm that he has suffered or will suffer as a result of the matters alleged. A separate Order follows.

5/23/11
Date

William D. Quarles, Jr.
United States District Judge